IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MELINDA JORGENSEN, | ) | CI: _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT AND DESIGNATION OF** |
| vs. | ) | **PLACE OF TRIAL** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**CIVIL ACTION-COMPLAINT**

Melinda Jorgensen, Plaintiff, in the above-captioned matter, by and through her counsel of record, for her causes of action against Defendant alleges:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is based upon the existence of a Federal question arising under 28 U.S.C. 1346(b), the Federal Tort Claims Act. Plaintiff timely served a notice of claim upon the Defendant United States of America pursuant to Federal law.

2. Plaintiff has complied with the requirements of the Federal Tort Claim Act, and a final notice of denial was received and dated August 11, 2011.

3. Venue is proper in this District pursuant to 28 U.S.C. 1391 because the events giving rise to Plaintiff's claims occurred within the territorial limits of the United States District Court for the District of Nebraska.

1

## PARTIES

4. Plaintiff, Melinda JORGENSEN ("JORGENSEN") is a resident of Norfolk, Madison County, Nebraska.

5. Defendant, United States of America ("UNITED STATES") is, and at all times herein mentioned, was the operator of the Omaha Veterans Administration Medical Center ("VAMC") a hospital located in Omaha, Douglas County, Nebraska which held itself out to be duly licensed as such and to have the skills, ability, expertise, and learning of similar medical centers. At all relevant times the defendant employed health-care providers, including respiratory therapists, who were agents of the VAMC and UNITED STATES, acting in the course and scope of their employment at all times set forth herein.

6. Defendant UNITED STATES is the proper party defendant pursuant to the Federal Tort Claims Act, Title 28, United States Code, Sections 1346(b) and 2671-2680, which provides that a tort claim which is administratively denied may be presented to a Federal District Court for judicial consideration. The tort claim was timely presented within two years after the claim accrued, was signed by the Plaintiff, and specified a demand in the amount of One Million Dollars ($1,000,000.00), and alleged a failure to obtain informed consent allowing a respiratory therapist to place an endotracheal tube during her cervical spine surgery on August 10, 2009. This Complaint is timely filed within six months after the date of the mailing of the notice of the final denial (28

U.S.C. § 2401(b)). The notice of final denial is dated August 11, 2011. The events of this case occurred in Omaha, Douglas County, Nebraska; as such, venue and jurisdiction are proper in this Court.

## COMMON FACTUAL ALLEGATIONS

7. Plaintiff JORGENSEN entered into a physician-patient relationship with UNITED STATES vis-à-vis VAMC on or before August 10, 2009, wherein she underwent cervical spine surgery. VAMC acted as the hospital providing medical care for JORGENSEN through its health-care providers and its respiratory therapists. JORGENSEN underwent endotracheal tube placement prior to her cervical spine surgery. An employee of the Defendant UNITED STATES, "Robert-RT", while acting within the scope of his employment, attempted twice, unsuccessfully, to place an endotracheal tube without JORGENSEN'S consent. During the procedure, JORGENSEN'S esophagus and pharynx were injured resulting in perforation and fistula formation.

## NEGLIGENCE- INFORMED CONSENT

8. Defendant UNITED STATES negligently acted or omitted to act in obtaining an adequate informed consent allowing "Robert-RT" to place an endotracheal tube on August 10, 2009. That under similar circumstances, a reasonably prudent acute, tertiary care facility, in this community or similar communities, would have obtained express consent from the patient to permit a respiratory therapist, and not the

3

anesthesia practitioner in a non-emergency situation, to place an endotracheal tube in preparation for elective surgery in the cervical spine area. That a reasonably prudent person in the Plaintiff's position, had she been properly informed, would not have allowed a respiratory therapist, and not the anesthesia practitioner, to place an endotracheal tube. JORGENSEN was specifically not informed that health-care providers involved in her surgical procedure would include a respiratory therapist. That the lack of informed consent was a proximate cause of bodily injury to the Plaintiff.

9. Defendant UNITED STATES in the management of its hospital failed to follow a reasonable standard of care in the medical treatment which they provided for JORGENSEN on August 10, 2009. That the consent needed to allow the placement of the endotracheal tube by a respiratory therapist is personal to the Plaintiff, and cannot be given to an employee of the Defendant UNITED STATES, by any independent contractor physician, or anyone else.

## Count I

### MEDICAL NEGLIGENCE OF UNITED STATES

10. Plaintiff incorporates by reference paragraphs 1 through 9 as though fully set forth herein.

11. Defendant UNITED STATES failed to follow a reasonable standard of care in the medical treatment which its employees provided for JORGENSEN on or about August

10, 2009. Plaintiff's injuries to her esophagus were directly and proximately caused by the negligence of the respiratory therapist employed by the Defendant UNITED STATES in failing to exercise due care in placing the endotracheal tube.

12. Defendant UNITED STATES chose not to obtain an adequate informed consent which would have specifically allowed a respiratory therapist to place an endotracheal tube in the operating room. That under similar circumstances, a reasonable hospital, in this community or similar communities, would have obtained expressed consent from the patient to allow a respiratory therapist to place an endotracheal tube into a patient's throat. A reasonably prudent person in the Plaintiff's position would not have allowed, without specific informed consent, a respiratory therapist to perform the act of placing an endotracheal tube in substitution of an anesthesiologist or certified nurse anesthetist. The lack of this informed consent was a proximate cause of bodily injury to JORGENSEN.

13. As a direct and proximate result of the negligent acts and omissions of Defendant UNITED STATES, Plaintiff MELINDA JORGENSEN has suffered damages as follows:

    A. Conscious physical pain.

    B. Mental anguish.

    C. Esophageal Perforation.

    D. Esophageal Fistula

E. Feeding Tube

F. Emergent Surgery to Repair Injury

WHEREFORE, Plaintiff MELINDA JORGENSEN prays for judgment against Defendant UNITED STATES as follows:

1. For compensatory damages in the amount of $1,000,000.

2. For post-judgment interest at the maximum legal rate.

3. For costs of suit incurred herein.

4. For such other and further relief as the Court deems just and proper.

### DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that this matter be tried to a Magistrate Judge in Omaha, Douglas County, Nebraska.

Dated this 29th day September, 2011.

MELINDA JORGENSEN, Plaintiff,

By: *John Carroll*
John F. Carroll        NSBA #23811
Steven M. Watson    NSBA #16075
WATSON & CARROLL, P.C., L.L.O.
160 Centre Place
2809 S. 160th Street, Suite 409
Omaha, NE  68130
Ph: 402.991.2100
Fx: 402.991.2110
john@watsoncarroll.com
steve@watsoncarroll.com